# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JERRY BURKHART,<br>　　*Plaintiff*<br><br>　v.<br><br>UNIVERSITY INTERSCHOLASTIC<br>LEAGUE (UIL), MICHAEL MOTHERAL,<br>ARTURO CAVAZAOS, JAMES COLBERT,<br>JR., CURTIS CULWELL, JOHANNA<br>DENSON, PAUL GALVAN, LEANDRO<br>GONZALES, JR., EDNA KENNEDY, GLEN<br>TEAL, MARSHALL SCOTT, III, CARLA<br>VOELKEL, DARYL WADE, DAVE LEWIS,<br>JENNIFER BORDNER, JACK GRAVES, and<br>LEON FREEMAN,<br>　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§   Case No. 1:22-cv-01026-RP<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Opposed Motion for Expedited Hearing and Expedited Discovery, filed October 19, 2022 (Dkt. 10); Defendant's Response, filed October 26, 2022 (Dkt. 12); and Plaintiff's Reply, filed October 27, 2022 (Dkt. 14).[1] By Text Order entered October 27, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The Court held a hearing on Plaintiff's Motion on November 14, 2022.

### I.   Background

Plaintiff Jerry Burkhart served as the head coach of the Richland Springs High School six-man football team until his suspension on September 12, 2022. Plaintiff's First Amended Complaint for Declaratory Judgment and Permanent Injunction, Dkt. 13 ¶ 25. Burkhart alleges that, on August 4, 2022, he received a text message from Brent Williamson, the Mullin High School

---

[1] On November 13, 2022, Plaintiff also filed a Memorandum of Law on Speedy Hearings under Fed. R. Civ. P. 57 (Dkt. 18). This additional filing is not permitted under the Local Rules and has been given no consideration.

Athletic Director and Head Football Coach, "accusing Burkhart and another coach of contacting one of his athletes." *Id.* ¶ 26. On August 8 and 10, 2022, Burkhart alleges, Troy Shelton Jr., a rising junior at Mullin High School, called him on his cell phone to discuss transferring to Richland Springs High School. *Id.* ¶ 31-33. During both conversations, Burkhart alleges that he informed Shelton that he could not speak to him about transferring and Shelton would have to speak to the school administration. *Id.* ¶ 33.

Williamson filed a complaint on August 15, 2022 with the University Interscholastic League (the "UIL"), asserting that Burkhart and Richland Springs Assistant Coach Shawn Rogers recruited Shelton. *Id.* ¶ 34. The UIL held a District Executive Committee hearing, at which both Burkhart and Shelton testified. *Id.* ¶ 35. Burkhart alleges that they both testified that Burkhart never encouraged or recruited Shelton to transfer. *Id.* The committee found that Burkhart, Rogers, and Richland Springs High School had recruited Shelton, and Burkhart appealed the decision to the UIL State Executive Committee. *Id.* The State Executive Committee also found that Burkhart had recruited Shelton and suspended him from coaching at any UIL member school for three years. *Id.* ¶ 38. Burkhart continues to serve as the Athletic Director for Richland Springs High School, and his employment contract with the school extends to the end of the 2024-25 school year. *Id.* ¶ 60.

On October 7, 2022, Burkhart filed this suit in district court in Travis County, Texas against the UIL and members of the District and State Executive Committees (collectively, "Defendants"), asserting violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 8 and 19, of the Texas Constitution. *Burkhart v. University Interscholastic League*, No. D-1-GN-22-005444 (353rd Dist. Ct., Travis Cnty., Tex. Oct. 7, 2022). Burkhart sought a temporary restraining order, preliminary and permanent injunctions of the UIL order, and a declaration that Section 409 of the UIL Constitution and Contest Rules is unconstitutionally vague.

The UIL removed the action to this Court on October 12, 2022. Dkt. 1. The District Court held a hearing on October 14, 2022, in which it denied Burkhart's application for temporary restraining order. Burkhart filed an Amended Complaint on October 27, 2022. Dkt. 13. In his First Amended Complaint, his live pleading, Burkhart (1) adds a claim that Defendants violated his right to equal protection under the Fourteenth Amendment; (2) adds a request for a declaratory judgment clarifying the scope of the UIL order; and (3) omits a request for a preliminary injunction against the UIL order that was included in his state court petition.

Burkhart now moves for expedited discovery and entry of an expedited scheduling order.

## II.     Legal Standard

A trial court has "broad discretion in controlling its own docket," including scheduling orders and discovery. *Edwards v. Cass Cnty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990); *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (stating that trial court has wide discretion over the "scope and pace of discovery"). Although the Federal Rules do not provide a standard for determining whether expedited discovery should be ordered, district courts in this circuit apply a "good cause" standard to determine when to exercise their authority to order expedited discovery. *Acosta v. Williamson Cnty., Tex.*, No. 1:21-CV-615-LY, 2021 WL 4340514, at *2 (W.D. Tex. Sept. 23, 2021). To determine "good cause," courts consider: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Stockade Cos. v. Kelly Rest. Grp.*, LLC, No. 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017) (citation omitted). The party seeking expedited discovery has the burden to show good cause, and the "subject matter related to requests for expedited discovery should be narrowly tailored in scope." *Accruent, LLC v. Short*, No. 1:17-CV-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017).

### III. Analysis

Burkhart contends that resolution of this case should be expedited because his employment contract with the school may be terminated, or his pay reduced, because the suspension order prevents him from serving as head football coach, and also that it is unclear whether he can perform his duties as athletic director without violating the UIL order. At the hearing, Burkhart requested expedited discovery limited to (1) emails between members of the District Executive Committee, the State Executive Committee, and the UIL; (2) documents related to committee determinations in other recent cases involving recruiting violations; and (3) a Rule 30(b)(6) deposition of one UIL corporate representative. In his Motion, Burkhart asks the Court to limit the time to respond to written discovery to fourteen days. Dkt. 10 at 3-4.

Defendants respond that if Burkhart's contract is terminated early, he would be entitled to remedies under the Texas Education Code. Defendants further argue that, "even under Plaintiff's proposed expedited schedule order he would still miss the remainder of this football season, and the next football season doesn't start until August 2023." Dkt. 12 at 2. Defendants contend that this case likely will be resolved at summary judgment and ask the Court to set a dispositive motion deadline for April 2023.[2]

### IV. Order on Plaintiff's Request for Expedited Discovery

Applying the relevant factors, the undersigned Magistrate Judge finds that Burkhart has established good cause for limited expedited discovery. Although the first factor weighs against a good cause showing because Burkhart is no longer seeking a preliminary injunction, factors two, three, and four weigh in favor of finding good cause. With respect to the second factor, Burkhart seeks narrowly tailored discovery comprising one deposition; emails from approximately four

---

[2] Defendants filed a Motion to Dismiss on November 10, 2022, and a Corrected Motion to Dismiss on November 11, 2022. Dkts. 16, 17.

custodians covering the limited time period of July through September 2022; and documents related to other cases concerning recruiting violations, which he represented likely are few in number. The breadth of his discovery requests thus weighs in favor of a good cause finding. The third factor, the purpose for requesting expedited discovery, also supports a good cause showing. Burkhart argues that the discovery he seeks is relevant to his due process claims, which Defendants indicate will be the subject of a summary judgment motion. *See* Dkt. 12 at 2. As for factor four, the burden on the defendants to comply with the requests, the discovery Burkhart seeks is limited, and Defendants did not argue in their briefing or at the hearing that complying with the proposed discovery will be burdensome. Neither party addresses the fifth factor – how far in advance of the typical discovery process Burkhart's request was made – which the Court finds to be neutral.

Based on the foregoing, the Court thus finds that Burkhart has shown good cause for limited expedited discovery, and that the subject matter of the proposed discovery is narrowly tailored in scope. *See Stockade*, 2017 WL 2635285, at *2 (stating that "the subject matter related to requests for expedited discovery should be narrowly tailored in scope") (citing *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)).

Accordingly, Plaintiff's Opposed Motion for Expedited Hearing and Expedited Discovery (Dkt. 10) is **GRANTED IN PART and DENIED IN PART**. The parties are **ORDERED** to meet and confer **on or before December 2, 2022** regarding the limited expedited discovery Plaintiff requested at the hearing before the undersigned Magistrate Judge. After the conference, Burkhart may (1) serve requests for limited expedited document production, to which Defendants shall respond in writing within 30 days pursuant to Rule 34(b)(2)(A), and (2) notice the deposition of the UIL's corporate representative for a mutually convenient time. Limited expedited discovery shall be completed **on or before February 10, 2023**. All other relief not expressly granted herein is **DENIED**.

### V.   Recommendation as to Plaintiff's Request for an Expedited Hearing

Finally, the Court addresses Burkhart's request for an expedited trial. At the hearing on his Motion, Burkhart asked that trial be set within the "next couple of months," while Defendants

> ask that this Court enter a scheduling order with a summary judgment deadline in April 2023. In the unlikely event that this matter is not resolved on summary judgment, the Court can schedule a trial in late spring or over the summer so that the parties will have a resolution before the beginning of next football season in August 2023.

Dkt. 12 at 3. In consideration of the parties' positions, the Court **RECOMMENDS** that the District Court set trial of this case for **July 2023**.

The Court further **ORDERS** that this case be **REMOVED** from the undersigned Magistrate Judge's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

### VI.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 15, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE